IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEARBOX SOFTWARE, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-710-L |
| APOGEE SOFTWARE, LTD. and INTERCEPTOR ENTERTAINMENT, ApS, | § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Interceptor Entertainment, ApS ("Interceptor") filed a Motion For Protective Order requesting the Court quash the deposition notices of Interceptor and its president, Frederik Schreiber, and enter a protective order requiring that the depositions take place in Aalborg, Denmark. *See* Dkt. No. 26. United States District Judge Sam A. Lindsay referred the motion to the undersigned magistrate judge for hearing, if necessary, and determination. Dkt. No. 27. Plaintiff Gearbox Software, LLC ("Gearbox") filed a response on July 7, 2014 [Dkt. No. 29], and Interceptor filed a reply brief on July 8, 2014 [Dkt. No. 30]. For the reasons explained below, Interceptor's motion for protective order [Dkt. No. 26] is GRANTED.

**Background**

On May 6, 2014, Interceptor filed a motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 14. Plaintiff filed an unopposed motion seeking limited

discovery of jurisdictional issues, which Judge Lindsay granted on May 15, 2014. *See* Dkt. Nos. 17 & 18.

Gearbox then served deposition notices for Schreiber and Interceptor for July 10 and July 11, 2014 at the offices of Gearbox's counsel in Dallas, Texas. *See* Dkt. No. 26-1 at 7-14. In response, Interceptor filed this request for a Federal Rule of Civil Procedure 26(c) protective order to require that the depositions take place in person or by Skype from Aalborg, Denmark, Interceptor's principal place of business.

## Legal Standards

Under Rule 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). The Court has broad discretion to determine the appropriate place for examination. *See Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.,* 147 F.R.D. 125, 127 (N.D. Tex. 1992). "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when ... the corporation is the defendant." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979) (citation and internal quotation marks omitted); *see also Resolution Trust Corp.,* 147 F.R.D. at 127. This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. *See Tailift USA, Inc. v. Tailift Co., Ltd.*, No. 3:03-cv-196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004). Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. *See id.* (citing cases).

"A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business." *Id.* at *2 (citing *Salter,* 593 F.2d at 652). In *Resolution Trust Corp.*, the Court enumerated five factors for the Court to consider when determining whether sufficient circumstances are shown to overcome the presumption: "1. counsel for the parties being located in the forum district; 2. plaintiff seeking to depose only one corporate representative; 3. defendant choosing a corporate representative that resides outside the location of the principal place of business and the forum district; 4. significant discovery disputes that may arise and the anticipated necessity of the resolution by the forum court; and 5. the claim's nature and the parties' relationship such that 'an appropriate adjustment of the equities favors a deposition site in the forum district.'" *Resolution Trust Corp.,* 147 F.R.D. at 127 (quoting *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383-84 (M.D.N.C. 1988)). The Court concluded that it "must ultimately consider each case on its own facts and the equities of the particular situation." *Id.*

## Analysis

The Court determines that Gearbox has failed to overcome the presumption that Interceptor's corporate representatives, including Frederik Schreiber, should be deposed at its principal place of business in, or by Skype from, Aalborg, Denmark. Although all counsel of record are located in Dallas, "'the convenience of counsel is less compelling than any hardship to the witnesses.'" *Tailift*, 2004 WL 722244, at *2 (quoting *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98,

108 (S.D.N.Y. 2001)). Plaintiff seeks to depose more than one corporate representative, *see* Dkt. No. 26-1 at 7-14, and each of Interceptor's five employees – including all corporate representatives – reside in Denmark, *id.* at 24-25. Although Gearbox urges that significant discovery disputes "may arise," Dkt. No. 29 at 9-10, there have been no previous discovery disputes presented to the Court in this case, and "'the mere possibility of such disputes does not necessarily weigh in favor of conducting the deposition here.'" *Tailift,* 2004 WL 722244, at *3 (citing *Rapoca Energy Co. v. Amci Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001)). Moreover, the nature of the discovery sought – which involves personal jurisdiction over Interceptor – suggests that Denmark is an appropriate forum for the deposition to take place.

Gearbox contends that peculiar circumstances justify deposing the witnesses in Dallas, since Interceptor and its president have significant contacts with Dallas and Danish law may impede the taking of depositions in Denmark and impose "hurdles ... foreclos[ing] cheaper alternatives that may exist." Dkt. No. 29 at 5-7, 12. The Court does not agree that Schreiber's contacts to Dallas, as set forth by Gearbox and Interceptor, constitute peculiar or special circumstances that justify departure from the normal rule that the party seeking discovery must go where the desired witnesses are located. Even accepting Gearbox's contentions as true, the fact that a corporate representative has traveled to Dallas once per year since 2011 and has "contracted with companies or individuals in the State of Texas at least four times in the past two years," *Id.* at 6, does not establish a special circumstance that justifies conducting the deposition at a location other than the corporation's principal place of business. *See*

*Tailift*, 2004 WL 722244, at *3 ("[T]he fact that [the deponent] has traveled to the United States only seven times since 1998, and only for a few days each time, hardly presents a frequency of presence in the United States that weighs in favor of overcoming the presumption.")

The Court also does not believe that Gearbox's concerns about the effect of Danish law justify subjecting Interceptor and its president to the expense and disruption of traveling to Dallas for a deposition. The State Department Advisory provided by Gearbox, which reports that "[v]oluntary witnesses deposed outside Danish courtrooms cannot be prosecuted under Danish law for perjury" and "[t]elephone depositions are not permitted" under Danish law, *see* Dkt. No. 29-1 at 12, does not establish that Danish law will hamper these depositions from taking place in Denmark or by Skype. Interceptor has represented that the deposition may indeed occur in Denmark or by Skype from Denmark, that Schreiber and another corporate representative will appear voluntarily, and that depositions by phone are legal and binding in Denmark. *See* Dkt. No. 30 at 2-3; Dkt. 30-1 at 29-35. If Interceptor changes its position on this point, or the Danish laws present impediments to obtaining discovery under Federal Rule of Civil Procedure 28(b), Gearbox may return to this Court for redress. *See United States v. One Gulfstream G-V Jet Aircraft Displaying Tail Number VPCES, Its Tools & Appurtenances,* No. 11-01874(RC), ___ F.R.D. ___, 2014 WL 1871342, at * 6 (D.D.C. May 9, 2014).

And this Court, not Danish law, determines whether evidence taken in discovery is admissible, and this Court retains the power to order a litigant from whom discovery

is sought, and who is subject to *in personam* jurisdiction, to produce evidence on pain of sanctions. *See Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.,* 482 U.S. 522, 539-40 (1987) (holding the Hague Convention did not deprive the district court of the jurisdiction that it otherwise possessed to order a foreign national party before it to produce evidence physically located within a signatory nation).

The Court therefore finds that Gearbox has failed to overcome the presumption that Interceptor's corporate representatives should be deposed at its principal place of business in Aalborg, Denmark or by Skype from Denmark. The Court finds that the notices of deposition in Dallas subject Interceptor to "annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c)(1) and should be quashed.

## Conclusion

The Court GRANTS Interceptor's Motions For Protective Order [Dkt. No. 26] and QUASHES the deposition notices of Interceptor and its president, Frederik Schreiber.

SO ORDERED.

DATED: July 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE